[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16123

_____

D.C. Docket No. 06-01212 CV-HTW-1

INTERCEPT, INC.,

 Plaintiff-Counter-
 Defendant -Appellee,

versus

LUIS ENRIQUE FERNANDO MOLINA GALEANA,

 Defendant-Counter-
 Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 13, 2009)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Luis Enrique Fernando Molina Galeana signed an agreement to guarantee the obligations of Media Billing LLC related to its purchase of Internet Billing Company from Intercept, Inc. After Media Billing defaulted on its obligations, Intercept sued Molina to enforce the guaranty. Molina's answer asserted an affirmative defense that Intercept perpetrated a fraud in the inducement of the purchase agreement and the guaranty. Molina also asserted two counterclaims; one sought rescission of the purchase agreement, and one sought a judgment declaring that the guaranty obligations were void. The district court granted summary judgment in favor of Intercept, and Molina appeals.

Georgia law permits a party alleging fraud in the inducement to either affirm the contract and sue for damages or promptly rescind the contract and sue in tort to recover damages for fraud. *Ainsworth v. Perreault*, 563 S.E.2d 135, 137 (Ga. App. 2002) (citations omitted). The district court found that Molina chose the second option; it construed his answer and counterclaims as attempting to rescind the guaranty. It held that the rescission counterclaim was barred by laches. Because Molina did not promptly attempt to rescind the guaranty, we agree. The district court also held that the counterclaim seeking to void the guaranty was duplicative of the counterclaim for rescission. Molina did not argue any practical distinction between his counterclaim to rescind the guaranty and his counterclaim to declare the guaranty

2

void.[1]  So, we conclude the court did not err in concluding that the second

counterclaim was duplicative of the first.

AFFIRMED.

---

[1]Molina contends that his counterclaim for declaratory relief is based on a failure of consideration.  After reviewing the record, however, we conclude Molina raised the issue of consideration for the first time on appeal.  Therefore, we do not consider Molina's failure of consideration argument.